Paul J. Garrick (OSB No. 824759)
Staff Attorney
NALIKO MARKEL, TRUSTEE
400 East Second Avenue, Suite 200
Eugene, OR 97401
Telephone: (541) 343-1555

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| In re: | Case No. 20-60187-tmr13 |
|---|---|
| JAMES ROBERT ANTONINI,<br><br>Debtor. | **TRUSTEE'S OBJECTION TO CONFIRMATION; AND MOTION TO DISMISS**<br>**Hearing Date: 7/21/20**<br>**Hearing Time: 1:30 p.m.** |

NALIKO MARKEL, Trustee, objects to confirmation of the debtor's Amended Chapter 13 Plan (Doc. 24; plan dated 6/8/20)(the "Plan"). The reasons for objection are:

1. **Feasibility.** The plan is underfunded by approximately $18,469. The Trustee's calculations include priority claims estimated at $21,812. The priority claims include Claim No. 14 (ODR = $5,074); Claim No. 13 (Mr. Velasquez = $3,025 (consumer deposit)); and the IRS priority claim, estimated at $13,713. The IRS's most recent proof of claim (Claim No. 12; filed 4/1/20) lists a priority claim in the amount of $10,487.10, including a 2019 tax debt estimated at $1,915.20. However, according to his 2019 IRS tax return, the debtor owes $5,141, or $3,225.80 more than the estimate. Thus, it appears that the IRS's priority claim will be $13,713 ($10,487 + $3,226 = $13,713).

///

///

PAGE 1 OF 3 – TRUSTEE'S OBJECTION TO CONFIRMATION; AND MOTION TO DISMISS

2. **Disposable income: Forms 122C-1 and C-2.** According to the recently amended means test forms (Doc. 26,27; filed 6/10/20), the debtor has monthly disposable income of $115.64, so general unsecured creditors should receive not less than $6,938 ($115.64 x 60 = $6,938.40). Unsecured creditors will receive no payments under the Plan.

3. Several issues must be resolved before the means test calculation can be finalized. On one hand, the expense for priority claims, *see* Form 122C-2, line 35, will likely increase, for the reasons stated in paragraph 1., above. On the other hand, the trustee objects to the retirement deduction of $250 on Form 122C-2, line 41, pursuant to In re Parks, 475 B.R. 703 (9th Cir. BAP 2012). Finally, the trustee requests additional documents, explanation and proof to support the $998 adjustment (reduction) in income on Form 122C-2, line 43 (this purported change should probably be listed on line 46), and the tax expense on Form 122C-2, line 16 (it appears that this adjustment should also be listed on line 46).

4. **Disposable Income: tax refunds.** Similar to the prior plan, the Plan continues the debtor's refusal to devote tax refunds for the applicable commitment period. Tax refunds are not projected as income on amended Schedule I. Other than the blanket refusal to devote refunds to the plan, there is no plan provision permitting the debtor to retain a reasonable amount of tax refunds each year. It does not appear that the debtor has submitted an updated tax calculation to support his recently amended documents. The most recent tax calculation was received on 4/27/20.

5. The frequent - and substantial - changes to Schedules I and J, and Forms 122C-1 and C-2, suggest that the debtor cannot accurately and precisely calculate his required tax obligations over the next five years, and that he will not be able to comply with the calculations, if they are correct. The feasibility issue identified above adds another wrinkle to the analysis. The debtor must increase his plan payments to show that the plan is arithmetically feasible. If so, he must show that the increase is accounted for in his tax calculations. Even more important, the debtor must show by a preponderance of the

evidence that he will be able to make the required payments.  Such a showing is especially important in this case, where it will take four years or more to pay the $36,000 secured claim on the debtor's truck.  A heightened review of the feasibility requirement may be an unintended consequence of the debtor's (or his attorney's) aggressive push for "no tax refund" plans.

6. **401(k) loan.**  Amended Schedule I, line 5.d (part of Doc. 25) lists a retirement loan payment of $129.  This expense was listed on the prior version of Schedule I (Doc. 20), but not on the initial version of Schedule I (part of Doc. 1).  The debtor's pay advices appear to show that the deduction started on his March 13, 2020 paycheck.  This case was filed on January 24, 2020.  Did the debtor obtain a 401(k) loan postpetition?  At a minimum, more information is required, and the plan payments should increase after the loan is paid off.

7. **Documents.**  The trustee requests copies of the following documents:

a. Please continue to send pay advices, as received.  The debtor has faithfully complied with the trustee's prior requests.  The most recent pay advice received is for the pay period ending June 14, 2020

b. Copies of documents pertaining to the retirement loan discussed in paragraph 6., above.

8. **Motion to Dismiss.**  For the foregoing reasons, the Trustee moves the Court for an order dismissing this case.

NALIKO MARKEL, TRUSTEE

By: */s/ Paul J. Garrick*
Paul J. Garrick, OSB No. 824759
Staff Attorney

PAGE 3 OF 3 – TRUSTEE'S OBJECTION TO CONFIRMATION; AND MOTION TO DISMISS

# CERTIFICATE OF SERVICE

I hereby certify that based on the Bankruptcy Court's Electronic Filing records, the following person should be served electronically when the attached document is filed with the Court:

    Lars H. Olsen, Attorney for Debtor

I hereby certify that on July 9, 2020, I served a copy of the foregoing TRUSTEE'S OBJECTION TO CONFIRMATION; AND MOTION OT DISMISS by mailing a copy of this document by United States First-Class mail, enclosed in a sealed envelope, with postage prepaid, and addressed to the following at the address stated below:

    James Robert Antonini
    91161 North Miller Street
    Eugene, OR  97408

        NALIKO MARKEL, TRUSTEE

        By: */s/ Paul J. Garrick*
            Paul J. Garrick, OSB No. 824759
            Staff Attorney